FILED
IN OPEN COURT
AUG 12 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v. Case No. 1:20-CR-57

JASON E. HOLMES,

*Defendant.*

## STATEMENT OF FACTS

The United States and the defendant, Jason E. Holmes ("defendant"), agree that the following facts, as well as the allegations in Count One of the criminal indictment, are true and correct, and that if this matter had gone to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or about October 2016 to in or about April 2018, in Leesburg, Virginia, within the Eastern District of Virginia, the defendant unlawfully and knowingly received visual depictions of minors engaging in sexually explicit conduct, including actual and simulated intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area, using a means and facility of interstate and foreign commerce, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). For purposes of this statement of facts, "visual depiction[s] of minors engaging in sexually explicit conduct," as those terms are defined in 18 U.S.C. § 2256, will be referred to as "child pornography".

2. In particular, on or about June 5, 2018, law enforcement executed a federal warrant to search the defendant's residence in Leesburg, Virginia, where he lived alone, for evidence related to child pornography offenses. During the search, the defendant agreed to speak to law

50

enforcement and admitted to purchasing and downloading child pornography using the internet. Pursuant to the warrant, law enforcement seized from the defendant's home, among other things, approximately two dozen electronic devices and approximately two dozen pieces of paper that could be assembled to depict enlarged images of child pornography and child erotica. The defendant told law enforcement that he printed out enlarged images of child pornography on multiple pieces of paper, mounted the pieces of paper to stand-up foam-board cutouts, and placed the cutouts around his home.

3. Law enforcement forensically examined the seized devices and discovered tens of thousands of image and video files depicting child pornography across thirteen of the devices, as well as evidence of the use of encryption technology. Specifically, the defendant used the following devices in connection with this offense conduct: an Apple MacBook Pro (S/N: C17GGGVCDV13) with a Toshiba Hard Drive (S/N: 81VKCRROT); an Apple 2TB Time Capsule (S/N: C86J28MQDM73) with a Western Digital Hard Drive (S/N: WCC1H0544022); a Western Digital My Passport External Hard Drive (S/N: WXK1A80H3063T); a Western Digital External Hard Drive (S/N: WXH0A5910079); a Dell Precision Desktop (S/N: 7Z8QQL1) with a Western Digital Hard Drive (S/N: WX51C1030805) and a Seagate Hard Drive (S/N: 9VS3JYA0); a Kingston USB Flash Drive; an Apple iPhone 8 (S/N: 353003090403145); an Apple iPad Mini (S/N: DLXNK1S2G5V7); a Seagate External Hard Drive (S/N: NA03NFKS); a Polaroid SD Card (S/N: 0644SM2773U); an Apple Mac Mini (S/N: C07NGD74G1HW) with a HGST Hard Drive (S/N: EZ04HHHD); an Apple Mac Mini (S/N: C07W80LRG1J2) with a Samsung Hard Drive (S/N: S2Z6NY0JB01324) and a Seagate Hard Drive (S/N: S370J9DH709034); and a Lacie External Hard Drive Enclosure with a Seagate Hard Drive. These devices were manufactured outside the Commonwealth of Virginia.

4. Moreover, the defendant intentionally searched for, downloaded, and received these files of child pornography using the internet, knowing that the files contained depictions of child pornography. From at least in or about October 2016 to in or about April 2018, the defendant searched for, communicated with others about, viewed, and downloaded child pornography using: an internet-based, peer-to-peer file-sharing program; an anonymous internet network known as The Onion Router ("Tor") that operates on the dark web; and password-protected websites on the open internet. In some instances, the defendant paid for child pornography files that he downloaded.

5. The following files are examples of the video and image files that were recovered from the above-listed electronic devices:

a. An image file titled "Baby [redacted] fucks and swallows (more resolution!!).jpeg" that is a storyboard consisting of 20 still images from a video that appear to depict an adult male pressing his erect penis against the anus of an approximately two-year-old child and then inserting his penis into the child's mouth;[1]

b. An approximately eight-minute-and-forty-two-second video titled "10Yo Straight Sex New 0607 – 8m42s.mp4" that depicts what appears to be an adult male engaged in vaginal intercourse with a prepubescent girl.

6. This statement of facts includes those facts necessary to support the defendant's guilty plea. It does not include every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

---

[1] The full title of this file is redacted here out of an abundance of caution because it contains what may be a reference to the name of a minor victim. *See* 18 U.S.C. § 3509.

7. The actions of the defendant, as recounted above, were in all respects knowing, voluntary, and intentional, and were not committed by mistake, accident, or other innocent reason.

8. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any right that he may have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding. This paragraph 8 will not apply if the defendant is never convicted by a guilty plea.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: Will Clay
William G. Clayman
Special Assistant United States Attorney (LT)

Defendant's Stipulation and Signature: After consulting with my attorney, I hereby stipulate that the above statement of facts is true and accurate, and that if the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7/6/20

Jason E. Holmes
Defendant

Defense Counsel's Signature: I am the attorney for the defendant in this case, Jason E. Holmes. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

Date: 3/6/20

Jonathan L. Katz
Counsel for the Defendant