**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:20-cr-00057-RDA** |
| | : | |
| **JASON HOLMES** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Jason Holmes respectfully presents this memorandum to assist the Court for the October 27, 2020, sentencing hearing.

**THE ADVISORY SENTENCING GUIDELINES ARE UNNECESSARILIY EXCESSIVE**

The advisory sentencing guidelines are excessive. *First*, the sentencing guidelines are advisory and never mandatory. *U.S. v. Booker*, 543 U.S. 220 (2005). *Second*, the sentencing guidelines are not sufficiently formulated to take into account Defendant Holmes's tremendous progress with self-rehabilitation -- fully detailed in his Motion to remain released pending sentencing (Dkt. No. 45) (regular psychological counseling (which has even added one remote counseling session while at the Alexandria jail, despite the bottlenecked remote visiting system at the jail), five times weekly attendance at Sexaholics Anonymous meetings, where he ultimately became a mentor to other attendees (until bond was revoked on the day Jason entered his guilty plea), and community service) -- during the two year period between the mid-2018 search warrant execution of his home, late 2019 indictment, and mid-2020 revocation of his bond on the day of his guilty plea.

Imposing a sentence close to the mandatory minimum will help better distinguish Defendant Jason Holmes's crime of receiving child pornography, from other defendants who get convicted of distributing child pornography.

**A SENTENCE BELOW GUIDELINES AND BELOW ANY MANDATORY MINIMUM WILL SATISFY THE STATUTORY REQUIREMENT OF A SENTENCE; THE MANDATORY MINIMUM OF FIVE YEARS IS NOT MANDATORY**

Not only are the sentencing guidelines excessive for Mr. Holmes's sentencing, *see supra,* but the mandatory minimum five years for sentencing under § 2552, also is excessive and should not be treated as mandatory in the first place as to Defendant Holmes.

Mandatory minimum sentencing laws should not be analyzed in a vacuum as to Defendant Jason Holmes, and should be read in conjunction with 19 U.S.C. §§ 3551 and 3553, to eliminate mandatory sentencing for Defendant, whose prior criminal convictions are none.

The core legal question in this case is whether anything in the mandatory minimum sentencing statute render 18 U.S.C. § 3553(a) inapplicable. The statutory analysis shows that § 3553(a) remains applicable, and the imposition of mandatory sentencing upon Jason Holmes is not obligatory. Even further to the point: ``Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposely in the disparate inclusion or exclusion.' *Russello v. U.S.,* 464 U.S. 16, 24 (1983).'' *Gozlon-Peretz v. U.S.,* 498 U.S. 395, 4040 (1991).

Looking at the matter from another direction, there is no language in § 3553 giving superseding weight to any so-called mandatory sentence contained in particular penalty provisions. To the contrary, the statute simply requires the Court to ``consider'' that provision in terms of what is available.

As *Booker* shows, when a supposedly mandatory sentencing provision is described in § 3553(a) as one that the Court is directed to consider, then the provision is, in law, not really mandatory but rather advisory. *U.S. v. Booker,* 543 U.S. 220 (2005). In other words, reading these facially applicable but seemingly incompatible statutes (§ 3553 and the mandatory minimum five years provided in § 2552) together, post-*Booker*, the mandatory minimum statute is properly read as advisory, to be considered'' along with all the rest of the § 3553(a) factors, in order to arrive at the sentence that is, in the end, ``sufficient, but not greater than necessary.''§ 3553(A).

**DEFENDANT JASON HOLMES'S SENTENCE WILL BE SUFFICIENT AND NOT GREATER THAN NECESSARY, BY SENTENCING HIM TO NO HIGHER THAN THE FIVE YEAR MANDATORY MINIMUM**

For sentencing, the court ``shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider——(1)the nature and circumstances of the offense and the history and characteristics of the defendant; (2)the need for the sentence imposed——(A)to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to

criminal conduct; (C)to protect the public from further crimes of the defendant; and (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;.''18 u.s.c. § 3553

Here, Jason Holmes's absence of any prior criminal history and exemplary progress with self rehabilitation, are a strong ground for not sentencing him above the mandatory minimum five year sentence.

The nature of the offense clearly involves real child victims, in that they are victimized with each viewing of their images, and with not knowing when the viewing by people will stop. Fortunately, Defendant Jason Holmes kept to himself in downloading and viewing child pornography. While the statement of facts includes that he communicated with others in the course of his crime, Defendant confirms that such communication was limited to communicating with a company providing such images, apparently to assure that his credit card was paying for the service.

On a scale of one to ten (with ten being the most egregious), Jason was not motivated by sinister purpose, and downloaded thousands of child pornography images, but often did so in high bulk (as confirmed by forensic computer expert Mark Vassal's review (his February 12, 2020, report has been provided to the government) of the digital evidence in this prosecution), thus only viewing a percentage of the images that he downloaded.

Jason has never been arrested for any criminal action other than this instant case. His immediate self rehabilitation work

demonstrates his self-imposed respect for the law and self-deterrence to fully obey the criminal law in the future, as supported by Vermont psychologist Thomas Powell's in-depth January 30, 2020, forensic psychological report of Defendant Jason Holmes (which has been provided to the government) that Jason has a low risk of committing future crimes.

The fact that Jason stopped participating in criminal activity once his home was raided in this case in mid-2018, he is not a crime risk to the public. Furthermore, Defendant's self rehabilitations mean that he does not need the programs provided at a prison.

Also relevant to sentencing is that Jason adjusted well to pretrial release, was not a couch potato during that time, and instead was helpful to his parents around the home, and continued with Sexaholics Anonymous meetings and community service.

As confirmed in the February 18, 2020, letter (provided to the government) from a fellow Sexaholics Anonymous participant, Jason achieved and maintained the accomplishment of sustained sexual sobriety/abstinence.

At the time of being arrested in November 2019, for this instant prosecution, Jason was employed full-time by Price Waterhouse as a design professional. He is a graduate of Lycoming College.

Jason's brother Kirk Holmes lives in Frederick County, Maryland, and his parents Donna and Larry Holmes have for fifty years lived around twelve miles from Burlington, Vermont in a large home on four acres. His parents know about the criminal

charges in this federal court action. His mother has been timely present at all court proceedings in the Alexandria, Virginia, federal court.

A lengthy prison sentence is all the more concerning during Covid-19, where detention centers are incubators for the disease.

**CONCLUSION**

Defendant Jason Holmes is fully willing to be on strict supervised probation for a lengthy time period. For all of the foregoing grounds, Jason does ask for a sentence not above the mandatory minimum of five years incarceration, offset by a lengthy and intensive probation period.

Jason fully took responsibility with the allegations against him by immediately consulting with undersigned counsel, signing off on undersigned counsel's mid-2018 letter asking the case agent to enable Jason to turn himself in in the event of criminal charges, and immediately starting regular individual and group psychological counseling, supplemented by regular Sexaholics Anonymous meetings and voluntary community service.

WHREFORE, Defendant Jason Holmes respectfully requests a sentence not above the mandatory minimum of five years, and agrees in advance to a sentence that includes a lengthy and strict probation period.

Respectfully submitted,

______/s/______________
Jonathan L. Katz
**JON KATZ P.C.**
VA Bar #41014
10509 Judicial Drive Suite 101
Fairfax, VA 22030
Phone: 703-383-1100
Fax: 703-383-0800

By Counsel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant's Sentencing Memorandum was served on October 14, 2020, via the CM/ECF filing system to: ATTN: William Clayman, Esquire U.S. Attorney's Office 2100 Jamieson Avenue, Alexandria, VA 22314.

_____ **_/s/______________**
Jonathan L. Katz
JON KATZ P.C.
VA Bar #41014
10509 Judicial Drive Suite 101
Fairfax, VA 22030
Phone: 703-383-1100
Fax: 703-383-0800