**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:20-cr-00057-RDA** |
| | : | |
| **JASON HOLMES** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S SUPPLEMENT TO HIS SENTENCING MEMORANDUM**

Defendant Jason Holmes supplements his sentencing memorandum by stating and presenting the following:

1. On October 20, 2020, Defendant hand-filed Motion to File Documents Under Seal.

The first document attached to Defendant's motion to seal is Defendant Jason Holmes's even more in depth handwritten acceptance of responsibility.

Also attached to the Motion to Seal is the very favorable forensic psychological report of Thomas Powell. Dr. Powell concludes a low risk of reoffending by Jason, and finds real rehabilitative benefit for Jason in his immediate efforts after the mid-2018 execution of the search warrant in this case on his home, to regularly attend psychological counseling sessions, and to attend multiple weekly Sexaholics Anonymous meetings. Attached to this Supplement are the resumes of forensic psychologist Thomas Powell, and computer forensics expert Mark Vassel

Also attached to Defendant's seal motion is a compelling letter from a fellow Sexaholics Anonymous member, detailing

Jason's exemplary progress with sexual sobriety with Sexaholics Anonymous, including as a leader.

Additionally attached to the Seal Motion is psychologist Michael Radkowsky's positive psychological prognosis of Defendant Jason Holmes.

2. We have the benefit of hindsight for support that Jason will not reoffend. He has had two years of opportunity to reoffend between the time of the search of his home and the time his bond was revoked on the day he entered a guilty plea in this criminal action. He has not reoffended, but instead has continued to self rehabilitate. Defense counsel anticipates forensic psychologist Thomas Powell to testify that Mr. Holmes will benefit more from psychological therapy outside of the prison walls than inside.

3. The government's sentencing memorandum asserts that Defendant communicated with others in the course of accessing child pornography. The evidence supports that Jason Holmes engaged in his child pornography accessing and viewing activity in a solitary manner, only communicating with another person(s) for instance to assure that his payment had been processed by a website providing child pornography.

4. Jason's updated acceptance of responsibility (the first document attached to his motion to seal) shows all the more how deeply he understands and feels for those he victimized by his actions of obtaining and viewing child pornography.

5. Jason was successful with graphic design at the time federal authorities raided his home in mid-2018. With his career

destroyed from his conviction, Jason wishes to rebuild professionally after his release from incarceration, by keeping options open for new graphic design work and/or real estate work.

Any ban on Internet access for Jason as a probation condition hopefully still allows for Internet access for such vital livelihood activities as Internet use for real estate purchasing, leasing and sales; and graphic designing.

A restriction ``prohibiting defendant, who worked as a respiratory therapist before his arrest, from using computer equipment was overly burdensome because his employment 'necessarily entails access to and the use of computers and computer equipment for record keeping [and] patient care''). Because the computer restriction prevents Russell from continuing in a field in which he has decades of accumulated academic and professional experience, it directly conflicts with the rehabilitative goal of sentencing. It also, of course, places a substantial burden on Russell's liberty, which under 18 U.S.C. § 3583(d)(2) must be no greater than reasonably necessary to achieve the goals of deterrence as well as rehabilitation.'' *U.S. v. Russell*, 600 F.3d 631 (D.C. Cir. 2010). *See also United States v. Voelker*, 489 F.3d 139, 148-49 (3rd Cir.2007).

6. The statement of facts and other evidence does not establish that Defendant personally viewed the images depicted in the statement of facts, versus that such images were simply found on the digital media found in the mid-2018 raid of Defendant's home. The evidence simply does not establish that Jason Holmes

came anywhere close to viewing all of the pornography material that he downloaded in bulk.

7. We have the benefit of hindsight seeing how well Defendant has done with self-rehabilitation during the time frame of his mid-2018 house read to today. Forensic psychologist Thomas Powell highlights the preference (benefit-wise) for treatment to be conducted in a non-incarcerated setting.

WHEREFORE, Defendant urges that a sentence at or not much higher than the five-year mandatory minimum, is in order.

Respectfully submitted,

_____/s/____________

Jonathan L. Katz
**JON KATZ P.C.**
VA Bar #41014
10509 Judicial Drive Suite 101
Fairfax, VA 22030
Phone: 703-383-1100
Fax: 703-383-0800

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant's Supplement was served on October 20, 2020, via the CM/ECF filing system to:

ATTN: William Clayman, Esquire
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

______/s/_______________

Jonathan L. Katz
JON KATZ P.C.
VA Bar #41014
10509 Judicial Drive Suite 101
Fairfax, VA 22030
Phone: 703-383-1100
Fax: 703-383-0800

Attorney for DefendantSupp